UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

United States of America,

                    Plaintiff,                    Court File No. 18-cr-18 (1) (DWF/LIB)

        v.
                                                  **REPORT AND RECOMMENDATION**
Andre Mathis, Jr.,

                    Defendant.

---

This matter is before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of 28 U.S.C. § 636 and Local Rule 72.1, and upon Defendant Mathis' "Motion to Dismiss on Void for Vagueness and Due Process Grounds," [Docket No. 80], and his Motion for In Camera Review, [Docket No. 81].

For the reasons set forth below, the Undersigned recommends that Defendant Mathis' Motion to Dismiss on Void for Vagueness and Due Process Grounds," [Docket No. 80], be **DENIED**, and his Motion for In Camera Review, [Docket No. 81], be **DENIED as moot**.

I.    **Motion to Dismiss on Void for Vagueness and Due Process Grounds, [Docket No. 80]**

Defendant Andre Mathis, Jr., has been criminally charged with one count of conspiracy to commit sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), 1591(c), and 1594(c); one count of sex trafficking by force, fraud, and coercion, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(1), and 1594(a); and one count of sex trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), 1591(c), and 1594(a). (Indictment, [Docket No. 19]).

As relevant to the Motion presently before the Court, 18 U.S.C. § 1591 states:

**(a)** Whoever knowingly—

> **(1)** in or affecting interstate or foreign commerce, or within the special maritime and territorial jurisdiction of the United States, recruits, entices, harbors, transports, provides, obtains, advertises, maintains, patronizes, or solicits by any means a person; or
>
> **(2)** benefits, financially or by receiving anything of value, from participation in a venture which has engaged in an act described in violation of paragraph (1),

knowing, or, except where the act constituting the violation of paragraph (1) is advertising, in reckless disregard of the fact, that means of force, threats of force, fraud, coercion described in subsection (e)(2), or any combination of such means will be used to cause the person to engage in a commercial sex act, shall be punished as provided in subsection (b).

**(b)** The punishment for an offense under subsection (a) is—

> **(1)** if the offense was effected by means of force, threats of force, fraud, or coercion described in subsection (e)(2), or by any combination of such means, [or if the victim was less than 14 years old at the time of the offense], by a fine under this title and imprisonment for any term of years not less than 15 or for life; or
>
> **(2)** if the offense was not so effected, and the [victim] had attained the age of 14 years but had not attained the age of 18 years at the time of such offense, by a fine under this title and imprisonment for not less than 10 years or for life.

**(c)** In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained, maintained, patronized, or solicited, the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not obtained the age of 18 years.

On June 26, 2018, Defendant Mathis filed the present "Motion to Dismiss on Void for Vagueness and Due Process Grounds," [Docket No. 80]. The Government filed its Response to the present Motion on July 13, 2018, after which the Motion was taken under advisement. [Dockets No. 86 and 87].

Defendant Mathis asks the Court to find that the language of 18 U.S.C. § 1591(c) is unconstitutionally vague and that prosecution under 18 U.S.C. § 1591(c) violates Defendant

Mathis' due process rights "by removing the government's burden to prove the statutory element that the defendant knew that, or acted in reckless disregard of the fact that, the victim had 'not attained the age of 18 years.'" (Motion, [Docket No. 80], 1).

> The void-for-vagueness doctrine, which stems from the Fourteenth Amendment Due Process Clause, "reflects the principle that 'a statute which either forbids or requires the doing of an act in terms so vague that [persons] of common intelligence must necessarily guess at its meaning and differ as to its application, violates the first essential of due process of law.'"

Telescope Media Group v. Lindsey, 271 F. Supp. 3d 1090, 1126 (D. Minn. 2017) (quoting Roberts v. U.S. Jaycees, 468 U.S. 609, 629 (1984)). "'A statute is void for vagueness if it: (1) fails to provide a person of ordinary intelligence fair notice of what is prohibited, or (2) it is so standardless that it authorizes or encourages seriously discriminatory enforcement.'" United States v. Paul, 885 F.3d 1099, 1105 (8th Cir. 2018) (citations omitted).

The Eighth Circuit has yet to address the argument that the removal of an intent element renders 18 U.S.C. § 1591(c) unconstitutional; however, it has been repeatedly rejected by other Federal District and Circuit Courts. As the United States District Court for the Northern District of Ohio, quoting the United States District Court for the Southern District of California, stated:

> In United States v. Robinson, 702 F.3d 22 (2nd Cir. 2012), the defendant challenged 18 U.S.C. § 1591(c) on vagueness grounds. Viewed in context, the Second Circuit concluded that "the most natural reading of this provision is that proof that the defendant had a reasonable opportunity to observe the victim may substitute for proof that the defendant knew the victim's underage status." This "commonsensical understanding of § 1591(c) also vindicates the 'cardinal rule that, if possible, effect shall be given to every clause and part of a statute.'" The Second Circuit also noted that the general mens rea presumption in the criminal context "does not apply to sex crimes against minors." The interpretation of § 1591(c) (i.e. that the government may prove that the defendant had a reasonable opportunity to observe the victim in lieu of proving knowledge or reckless disregard of the victim's age) is consistent with other "federal child-protective statutes that use nearly identical language and that have been interpreted to 'lack [ ] mens rea requirements with respect to [the victim's] age.'" For example, in 18 U.S.C. § 2241 and § 2243, two provisions that punish the sexual abuse of children provide specific state of mind requirements: "the Government need not prove that

defendant knew" the victim was a minor. The court further notes that both federal and state statutory rape laws do not require a defendant to know that the victim was underage. Furthermore, as noted by the Ninth Circuit, the phrase "a reasonable opportunity to observe" is not unconstitutionally vague and comports with due process.

United States v. Purnell, No. 1:16CR162, 2017 WL 2291435, *6 (N.D. Ohio, May 25, 2017) (quoting United States v. Lundy, No. 14CR3256 JM, 2016 WL 499167, *2 (S.D. Cal. Feb. 9, 2016)) (other internal citations omitted). Many other Federal Courts have similarly held that 18 U.S.C. § 1591(c) is neither unconstitutionally vague nor violative of the Due Process Clause of the Fifth Amendment to the United States Constitution. See, e.g., United States v. Thompson, ___ F.3d ___, 2018 WL 3398213, *9-11 (2d. Cir. July 13, 2018); United States v. Duong, 848 F.3d 928, 931-34 (10th Cir. 2017); United States v. Copeland, 820 F.3d 809, 813-14 (5th Cir. 2016); United States v. Davis, No. 2:14-CR-20310, 2016 WL 10679065, *6-7 (W.D. Tenn., Dec. 5, 2016).

Nevertheless, Defendant Mathis contends that for this Court to adopt the rationale above would "run[] contrary to Eighth Circuit jurisprudence." (Motion, [Docket No. 80], 5). In support of his position, Defendant Mathis cites United States v. Bruguier, 735 F.3d 754 (8th Cir. 2013). (Motion, [Docket No. 80], 5-11).

Bruguier is easily and materially distinguishable from the present case, however, in that it involved charges brought under 18 U.S.C. § 2243(2), not charges brought under 18 U.S.C. § 1591. 735 F.3d at 755-56. Moreover, in Bruguier, the Eighth Circuit held that 18 U.S.C. § 2242(2) required both knowingly engaging in a sexual act and knowing that the other individual involved was incapable of appraising the nature of the conduct, incapable of declining participation, or incapable of communicating an unwillingness to engage in the sexual act. Id. at

4

757-58. In the present case, Defendant Mathis' arguments are based upon the statutory language of 18 U.S.C. § 1591(c), which was not at issue in <u>Bruguier</u>.

Finally, to the extent that Defendant Mathis cites <u>Bruguier</u> for its statement that "'offenses that require no mens rea generally are disfavored,'" (Motion, [Docket No. 80], 6), this quotation is incomplete. When read in context, the Eighth Circuit in <u>Bruguier</u> stated: "'[O]ffenses that require no mens rea generally are disfavored, and [the Supreme Court has] suggested that some kind of indication of congressional intent, express or implied, is required to dispense with mens rea as an element of a crime.'" <u>Bruguier</u>, 735 F.3d at 758 (quoting <u>Staples v. United States</u>, 511 U.S. 600, 606 (1994)). The Eighth Circuit reached its holding in <u>Bruguier</u> based in part on the fact that 18 U.S.C. § 2242(2) did not contain an indication of congressional intent to create a strict liability criminal offense. <u>Id.</u> at 758-63. In contrast, 18 U.S.C. § 1591(c) <u>is itself</u> an express indication of congressional intent to dispense with mens rea. It explicitly states that where "the defendant had a reasonable opportunity to observe" the victim, "the Government need not prove that the defendant knew, or recklessly disregarded the fact, that the person had not obtained the age of 18 years." Thus, <u>Bruguier</u> is so materially distinguishable as to lack even persuasive applicability to the present case.

The undersigned finds more persuasive the rationale adopted by many other Federal Courts across the United States in rejecting the argument, now raised by Defendant Mathis, that 18 U.S.C. § 1591(c) is unconstitutionally vague or otherwise unconstitutional because it removes any intent element. Contrary to Defendant Mathis' assertions that the lack of a mens rea element in a criminal offense is unconstitutional, Federal Courts have long upheld similar criminal statutes, especially those involving sexual crimes against minors. <u>See</u>, <u>e.g.</u>, <u>Morissette v. United States</u>, 342 U.S. 246, 251 n.8 (1952) (noting exceptions to general rule requiring a showing of

intent for a criminal conviction, including "sex offenses, such as rape, in which the victim's actual age was determinative despite defendant's reasonable belief that the girl had reached the age of consent"); United States v. Grimes, 888 F.3d 1012, 1016 (8th Cir. 2018) ("[T]he federal offense of 'sexual abuse of a minor' expressly rejects any 'state of mind proof requirement' concerning age.").

Defendant Mathis also argues that 18 U.S.C. § 1591(c) is unconstitutionally vague due to the phrase "opportunity to observe," particularly the word "observe," which he appears to define to include a conclusion by the observer that the individual being observed is under 18 years of age. (Motion, [Docket No. 80], 12-13). He contends that because it is impossible to know "what kind of 'ordinary' body it takes to be 'observed' for the defendant know [sic] the individual is too young," 18 U.S.C. § 1591(c) "leaves Mr. Mathis with the obligation of somehow 'figuring it out,' without offering a reliable way for him to do so." (Id. at 13).

Defendant Mathis' argument on this point fails because it attempts to implicitly reestablish the knowledge requirement that 18 U.S.C. § 1591(c) by its plain language removes. Stated another way, in order for Defendant Mathis' argument to succeed, one must necessarily agree that to convict a defendant under 18 U.S.C. § 1591(c), the Government must prove that the defendant, through observation of the victim, knew or recklessly disregarded the fact that the victim was under the age of 18. But, as already set forth above, the plain language of 18 U.S.C. § 1591(c) removes any such element of knowledge or reckless disregard.

Accordingly, for the reasons set forth above, the undersigned recommends that Defendant Mathis' Motion to Dismiss on Void for Vagueness and Due Process Grounds, [Docket No. 80], be **denied**.

II.    **Motion for In Camera Review, [Docket No. 81]**

In his Motion for In Camera Review, [Docket No. 81], Defendant Mathis moves the Court for a unilateral Order directing a non-party homeless shelter in the apparent absence of any service of a subpoena to produce certain records to the Court for in camera review. (Motion, [Docket No. 81], 3). Defendant Mathis asks the Court to conduct an in camera review of the records to determine whether those records contain certain information regarding the alleged victim in this case. (Id. at 1-4).

On July 13, 2018, in response to the Motion, the Government informed the Court that it had on its own subpoenaed the records Defendant Mathis seeks through his Motion for In Camera Review, and it thereafter provided the subpoena and the records to Defendant Mathis. (Response, [Docket No. 88]).

"Federal courts may adjudicate only 'actual and concrete disputes, the resolutions of which have direct consequences on the parties involved.'" United States v. Askia, 893 F.3d 1110, 1122 (8th Cir. 2018). The record now before the Court shows that Defendant Mathis has already received from the Government the records he sought through the present Motion for In Camera Review, [Docket No. 81]. Therefore, the Motion for In Camera Review, [Docket No. 81], is moot.

Accordingly, the Undersigned recommends that Defendant Mathis' Motion for In Camera Review, [Docket No. 81], be **denied as moot.**

III.    **CONCLUSION**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Defendant Mathis' Motion to Dismiss on Void for Vagueness and Due Process Grounds, [Docket No. 80], be **DENIED**;

2. Defendant Mathis' Motion for In Camera Review, [Docket No. 81], be **DENIED as moot.**

Dated: August 6, 2018                                  s/Leo I. Brisbois
                                                       The Honorable Leo I. Brisbois
                                                       United States Magistrate Judge

# N O T I C E

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing. If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.