**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

United States of America,                             Criminal No. 18-18(1) (DWF/LIB)

            Plaintiff,

v.                                                     **ORDER ADOPTING REPORT
                                                        AND RECOMMENDATION**

Andre Mathis, Jr.,
a/k/a Isaac Brown,

            Defendant.

This matter is before the Court upon Defendant Andre Mathis, Jr.'s ("Defendant") objections (Doc. No. 96) to Magistrate Judge Leo I. Brisbois's July 17, 2018 Report and Recommendation (Doc. No. 92) insofar as it recommends that: (1) Defendant's Motion to Suppress Evidence Obtained as a Result of Searches and Seizures be denied; (2) Defendant's Motion to Sever be denied without prejudice; (3) Defendant's Motion to Strike Surplusage be denied; (4) Defendant's Supplemental Motion to Suppress Search and Seizure be denied; and (5) Defendant's Motion to Suppress Statements be denied. The United States of America ("the Government") filed a response to Defendant's objections on August 8, 2018. (Doc. No. 109.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and

precisely set forth in the Magistrate Judge's thorough Report and Recommendation and is incorporated by reference for purposes of Defendant's objections.

## I. Report and Recommendation

The Report and Recommendation contains a thorough and detailed analysis of each of Defendant's five motions. First, Magistrate Judge Brisbois considered Defendant's challenges to the search warrants issued in this case. In the Report and Recommendation, Magistrate Judge Brisbois concluded that: (1) to the extent that Defendant is challenging the sufficiency of the warrant to search an apartment in which he was a guest, he lacks standing to do so; (2) under the totality of the circumstances, the affidavits supporting the July 8, 2017, August 7, 2017, August 22, 2017, and April 18, 2018, search warrants present a fair probability that evidence of criminal activity would be found in the locations at issue; and (3) Defendant waived any challenge he originally intended to bring to the October 19, 2017, search warrant because Defendant acknowledged the result of the search is now moot. (*See generally* Doc. No. 92.) Magistrate Judge Brisbois also concluded that the information in the April 18, 2018, affidavits were not stale, instead observing that the lapse of time between the criminal activity alleged in the affidavits and the issuance of the search warrants was less than a year, and that the Eighth Circuit has upheld search warrants with lapses of time much longer. (*Id.* at 25 (citing *United States v. Lemon*, 590 F.3d 612, 614 (8th Cir. 2010).) Accordingly, Magistrate Judge Brisbois concluded that the warrants at issue were supported by probable cause and recommended that Defendant's Motion to Suppress Evidence Obtained as a Result of Searches and Seizures (Doc. No. 43), be denied.

Second, Magistrate Judge Brisbois concluded that Defendant's Motion to Sever (Doc. No. 55), is premature because Defendant merely speculates as to the evidence he anticipates the Government will attempt to introduce at trial. (Doc. No. 92 at 28.) Magistrate Judge Brisbois observed that the Government may or may not attempt to introduce the statements in which Defendant Mathis's codefendant, Amos Kiprop Koech, implicates Defendant Mathis. (*Id.*) Magistrate Judge Brisbois concluded that Defendant may renew his motion to sever if the Government attempts to introduce his codefendant's statement. (*Id.*) Consequently, Magistrate Judge Brisbois recommended that Defendant's Motion to Sever be denied without prejudice.

Third, Magistrate Judge Brisbois considered Defendant's motion to strike as surplusage his purported alias as alleged in the indictment. Magistrate Judge Brisbois concluded that, based on assertions made by the Government, it is not clear that the alleged surplusage in the indictment is irrelevant and that Defendant's objection to such surplusage is premature. (*Id.* at 30.) Magistrate Judge Brisbois also noted that if Defendant continues to believe that the inclusion of an alias in the indictment is irrelevant and/or prejudicial, Defendant may file a later pretrial motion in limine addressing how the Court should present the information in the indictment to the jury. (*Id.*) Magistrate Judge Brisbois therefore recommended that Defendant's Motion to Strike Surplusage (Doc. No. 56), be denied without prejudice.

Fourth, Magistrate Judge Brisbois considered Defendant's Supplemental Motion to Suppress Search and Seizure, in which Defendant challenged his stop and arrest in Rock Island, Illinois, and his alleged seizure on July 7, 2017. (Doc. No. 57.) Magistrate

3

Judge Brisbois found that even assuming that the stop of Defendant in Rock Island, Illinois, was unconstitutional, the record shows that Defendant was arrested on FBI and St. Louis County (Minnesota) warrants. (Doc. No. 92 at 32-32.) Relying on *Utah v. Strieff*, 136 S. Ct. 2056, 2059 (2016), Magistrate Judge Brisbois therefore concluded that the cell phones that were seized pursuant to Defendant's arrest on the outstanding arrest warrants need not be suppressed. (*Id.* at 33.) Regarding Defendant's alleged seizure on July 7, 2017, Magistrate Judge Brisbois found that the July 7, 2017, audio/video recording does not show that police ever restrained Defendant from leaving Ms. Brown's apartment. Magistrate Judge Brisbois also found that circumstances in the apartment would justify a reasonable, articulable suspicion that criminal activity was afoot and involved the two adults present in the apartment, Ms. Brown and Defendant. (*Id.* at 35.) Magistrate Judge Brisbois concluded that Defendant was not seized during the encounter, and that even if he was seized, the brief detention was justified. (*Id.*) Based on the foregoing, Magistrate Judge Brisbois recommended that Defendant's Supplemental Motion to Suppress Search and Seizure be denied.

Finally, Magistrate Judge Brisbois considered Defendant's requests to suppress statements he made during the July 7 and 8, 2017 encounters at Ms. Brown's apartment. (Docs. No. 57, 58.) Defendant argues that law enforcement was required to inform him of his *Miranda* rights during these encounters. Magistrate Judge Brisbois found that: (1) law enforcement had only been in Ms. Brown's apartment for approximately two minutes and thirty seconds when they asked if anyone else was in the apartment; (2) the question was not an "interrogation"; and (3) the focus of the encounter was on

4

Ms. Brown's GPS monitor. (Doc. No. 92 at 40.) Magistrate Judge Brisbois concluded that under a "totality of the circumstances . . . a reasonable man in [Defendant's] position would have believed that upon completion of the execution of the lawful search warrant he was at liberty to terminate his encounters with police at Ms. Brown's apartment by leaving the apartment." (*Id.* at 38.) Magistrate Judge Brisbois therefore concluded that police were not required to advise Defendant of his *Miranda* rights because the encounter was not custodial, and recommended that Defendant's requests to suppress statements be denied. (*Id.*)

## II.     Analysis

Defendant objects to each conclusion in the Magistrate Judge's Report and Recommendation, arguing that: (1) Defendant was seized at Ms. Brown's apartment on July 7 and 8, 2017, in violation of the Fourth Amendment (Doc. No. 96 at 3); (2) law enforcement was required to advise Defendant of his *Miranda* rights before they asked him whether anyone else was in Ms. Brown's apartment, (*id.* at 4); (3) the various search-warrant affidavits were not supported by probable cause because the minor victim is not a reliable source absent corroboration, the affidavits contained insufficient allegations of criminal activity likely to be found on Defendant's Facebook account and cell phones, and the affidavits contained stale information, (*id.* at 8-15); (4) Magistrate Judge Brisbois should have recused himself from considering the challenges to the April 18, 2018 search warrants because he was the issuing judge, (*id.* at 13-14); (5) the Court should hold a hearing on whether the Rock Island, Illinois stop of Defendant was made "without sufficient basis," (*id.* at 15-16); (6) Defendant's purported alias identified

5

in the indictment is surplusage because identity is not at issue, (*id.* at 17); and (7) Defendant's case should be severed from Codefendant Koech's case because the Government will need to show Koech's video statements implicating Defendant in the trafficking of the minor victim, (*id.* at 18-19). Based on the foregoing, Defendant argues that the Court should reject Magistrate Judge Brisbois's findings and conclusions in the Report and Recommendation.

The Court disagrees and adopts in full the Magistrate Judge's recommendations. The Court concludes, as did the Magistrate Judge, that the information provided in the various search-warrant affidavits was sufficient to support findings of probable cause. In the affidavit, law enforcement thoroughly detailed the minor victim's account of the sex-trafficking conspiracy, indicating that Defendant used cell phones to arrange for her to have sex with individuals in exchange for money. The information in the April 18, 2018 search-warrant affidavits was not stale because it focused on the use of cell phones to facilitate sex trafficking, which can store information for long periods of time. *See Lemon*, 590 F.3d at 614 (upholding a warrant to search a computer issued 18 months after discovery of information related to possession of child pornography). The Court also concludes that Magistrate Judge Brisbois did not need to recuse himself from considering challenges to the search warrants he issued where Defendant did not allege Magistrate Judge Brisbois was biased or prejudiced, much less present facts indicating bias. *See United States v. Jones*, 801 F.2d 304, 312 (8th Cir. 1986) (requiring party to present facts indicating personal bias where party sought recusal of issuing judge in challenge to wiretap orders and search warrants). Based on the foregoing, the Court denies

Defendant's Motion to Suppress Evidence Obtained as a Result of Searches and Seizures. (Doc. No. 43.)

The Court further concludes, as did the Magistrate Judge, that Defendant's motions to sever his trial from his codefendant's trial and to strike surplusage are premature. The Government urges the Court to deny with prejudice both of Defendant's requests. Specifically, the Government argues severance is unnecessary where redactions and instructions sufficiently avoid the violation of defendant's rights under the Confrontation Clause. (Doc. No. 79 at 19 (citing *Richardson v. Marsh*, 481 U.S. 200, 207, 211 (1987).) The Government also argues that there is no basis to strike Defendant's alias as surplusage because the phone seized from Defendant lists his alias in connection with multiple software application accounts. (*Id.* at 17.) Regarding severance, the Court agrees with Magistrate Judge Brisbois that Defendant's rights under the Confrontation Clause may be violated if the Government introduces statements by Codefendant Koech that implicate Defendant and Koech does not testify at a joint criminal trial. (Doc. No. 92 at 28.) Regarding Defendant's purported alias, the Court agrees with Magistrate Judge Brisbois that the alias appears to be relevant based upon the evidence that the Government has submitted. (*Id.* at 30.) The Court therefore denies without prejudice Defendant's Motion to Sever, (Doc. No. 55), and Motion to Strike Surplusage, (Doc. No. 56), noting that Defendant is free to renew these requests in pretrial motions in limine.

The Court also concludes that *Strieff* controls the analysis of Defendant's challenge to his stop in Rock Island, Illinois. In *Strieff*, the United States Supreme Court

7

held "that the evidence the officer seized as part of the search incident to arrest is admissible because the officer's discovery of the arrest warrant attenuated the connection between the unlawful stop and the evidence seized incident to arrest." 136 S. Ct. at 2059. A hearing on the constitutionality of the stop is therefore unnecessary because even assuming the stop was unconstitutional, the cell phones collected from Defendant during the arrest are admissible as evidence seized incident to arrest. Finally, the Court concludes, as did the Magistrate Judge, that Defendant's encounter with law enforcement in Ms. Brown's apartment was not custodial, and therefore not a seizure for Fourth Amendment purposes. Upon careful review of the evidence in the record, the Court finds that Defendant was not restrained and was free to move throughout Ms. Brown's apartment. Furthermore, the police were only present in Ms. Brown's apartment for a short time and were focused on Ms. Brown's GPS monitor when Defendant incorrectly claimed that no one else was in the apartment. Considering the totality of the circumstances, the Court concludes that a reasonable person in Defendant's position would not have believed he was in custody and that the question about whether anyone else was in the apartment was not an interrogation for *Miranda* purposes. *See United States v. Jones*, 842 F.3d 1077, 1082 (8th Cir. 2016) ("Interrogation, for *Miranda* purposes, means 'express questioning' and 'words or conduct that officers should know [are] 'reasonably likely to elicit an incriminating response from the suspect.") (citation omitted). Based on the foregoing, the Court denies Defendant's Supplemental Motion to Suppress Search and Seizure, (Doc. No. 57), and Motion to Suppress Statements, (Doc. No. 58).

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Andre Mathis, Jr.'s objections (Doc. No. [96]) to Magistrate Judge Leo I. Brisbois's July 17, 2018 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's July 17, 2018 Report and Recommendation (Doc. No. [92]) is **ADOPTED**.

3. Defendant Andre Mathis, Jr.'s Motion to Suppress Evidence Obtained as a Result of Searches and Seizures (Doc. No. [43]) is **DENIED**.

4. Defendant Andre Mathis, Jr.'s Motion to Sever (Doc. No. [55]) is **DENIED WITHOUT PREJUDICE**.

5. Defendant Andre Mathis, Jr.'s Motion to Strike Surplusage (Doc. No. [56]) is **DENIED**.

6. Defendant Andre Mathis, Jr.'s Supplemental Motion to Suppress Search and Seizure (Doc. No. [57]) is **DENIED**.

7. Defendant Andre Mathis, Jr.'s Motion to Suppress Statements, (Doc. No. [58]), is **DENIED**.

Dated:  August 27, 2018         s/Donovan W. Frank
                                DONOVAN W. FRANK
                                United States District Judge