# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | Criminal No. 18-18(1) (DWF/LIB) |
| Plaintiff, | |
| v. | **ORDER ADOPTING REPORT AND RECOMMENDATION** |
| Andre Mathis, Jr., a/k/a Isaac Brown (1), | |
| Defendant. | |

This matter is before the Court upon Defendant Andre Mathis, Jr.'s ("Defendant") objections (Doc. No. 114) to Magistrate Judge Leo I. Brisbois's August 6, 2018 Report and Recommendation (Doc. No. 104) insofar as it recommends that: (1) Defendant's Motion to Dismiss on Void for Vagueness and Due Process Grounds be denied; and (2) Defendant's Motion for an In Camera Review be denied as moot. The Government filed a response to Defendant's objections on September 4, 2018. (Doc. No. 121.)

The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference for purposes of Defendant's objections. In the Report and Recommendation, Magistrate Judge Brisbois concluded that the statutory language "reasonable opportunity to observe" in 18 U.S.C. § 1591(c) does not violate the due process clause and is not unconstitutionally vague. (Doc. No. 104 at 4-6.) Specifically, the Magistrate Judge concluded that 18 U.S.C. § 1591 does not violate Defendant's due process rights because the language "reasonable opportunity to observe" in the statute indicates congressional intent to dispense with

mens rea. *See United States v. Grimes*, 888 F.3d 1012, 1016 (8th Cir. 2018) ("[T]he federal offense of 'sexual abuse of a minor' expressly rejects any 'state of mind proof requirement' concerning age."). The Magistrate Judge also rejected Defendant's argument that 18 U.S.C. § 1591 is void for vagueness because a person cannot know "what kind of 'ordinary' body it takes to be 'observed for the defendant to know the individual is too young." (Doc. No. 104 at 6.) The Magistrate Judge concluded that Defendant's argument failed because it effectively sought to "reestablish the knowledge requirement that 18 U.S.C. 1591(c) by its plain language removes." (*Id.*)

Defendant objects to the Magistrate Judge's recommendations, arguing that: (1) his due process rights are violated by removing the government's burden to prove that Defendant knew or acted in reckless disregard that the victim had not reached the age of 18, and (2) the language "reasonable opportunity to observe" renders 18 U.S.C. § 1591 void for vagueness because it sets an indeterminate standard. (Doc. No. 114 at 1, 3.) The Court disagrees and adopts in full the Magistrate Judge's recommendations. The Court concludes, as did the Magistrate Judge, that the language "reasonable opportunity to observe" in 18 U.S.C. § 1591(c) indicates congressional intent to dispense with mens rea. *See United States v. Grimes*, 888 F.3d 1012, 1016 (8th Cir. 2018) ("[T]he federal offense of 'sexual abuse of a minor' expressly rejects any 'state of mind proof requirement' concerning age."). The statute therefore does not violate Defendant's due process rights. The Court further concludes that 18 U.S.C. § 1591 is not unconstitutionally vague because "reasonable opportunity to observe" would "provide a person of ordinary intelligence fair notice of what is prohibited," is subject to common understanding, and is

2

typical of standards that juries are asked to consider. *See United States v. Paul*, 885 F.3d 1099, 1105 (8th Cir. 2018); *Rico*, 619 Fed. App'x at 599 (concluding that the use of the phrase does not render Section 1591 unconstitutionally vague); *United States v. Davis*, 2016 WL 10679065, at *7 (W.D. Tenn. Dec. 5, 2016) ("Whether [the defendant's] opportunity to observe [the alleged victim] was 'reasonable' [is] not a vague standard.") To the extent that Defendant's vagueness argument seeks to impose a mens rea requirement in the statute, Defendant's argument fails because the statute indicates clear congressional intent to remove a mens rea element from the "observe" language. Finally, the Court concludes, as did the Magistrate Judge that Defendant's motion for an in camera review be denied as moot.

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). After carefully considering Defendant's objections, the Court finds no reason that would warrant a departure from the Magistrate Judge's recommendation. Based upon the *de novo* review of the record and all of the arguments and submissions of the parties and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

**ORDER**

1. Defendant Andrea Mathis, Jr.'s objections (Doc. No. [114]) to Magistrate Judge Leo I. Brisbois's August 6, 2018 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's August 6, 2018 Report and Recommendation (Doc. No. [104]) is **ADOPTED**.

3. Defendant Andrea Mathis, Jr.'s Motion to Dismiss on Void for Vagueness and Due Process Grounds (Doc. No. [80]) is **DENIED**.

4. Defendant Andre Mathis, Jr.'s Motion for In Camera Review (Doc. No. [81]) is **DENIED AS MOOT**.

Dated: October 9, 2018      <u>s/Donovan W. Frank</u>
                            DONOVAN W. FRANK
                            United States District Judge