**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Criminal No. 18-18(1) (DWF/LIB) |
| | Civil No. 22-2663 (DWF) |
| Respondent-Plaintiff, | |
| v. | **MEMORANDUM** |
| | **OPINION AND ORDER** |
| Andre Mathis, Jr., | |
| Petitioner-Defendant. | |

**INTRODUCTION**

This matter is before the Court on Petitioner-Defendant Andre Mathis's *pro se* motion to vacate the judgment (Doc. No. 257), his subsequent motion for leave to amend the motion to vacate (Doc. No. 264), and his second motion to vacate the judgment (Doc. No. 267). The United States of America (the "Government") filed a motion to dismiss Mathis's motion to vacate the judgment. (Doc. No. 261.) For the reasons discussed below, the Court respectfully denies Mathis's motions and grants the Government's motion.

**BACKGROUND**

On January 10, 2019, Mathis pled guilty to sex trafficking of a minor in violation of 18 U.S.C. §§ 1591(a)(1), 1591(b)(2), 1591(c), and 1594(a). (Doc. No. 145.) The Court sentenced Mathis to 292 months in prison. (Doc. No. 203.) The Sentencing Judgment was docketed on August 1, 2019. (*Id.*) On October 24, 2022, Mathis filed this motion to vacate the judgment. (Doc. No. 257.) In December 2022, Mathis then filed a

motion for leave to supplement and amend his motion to vacate. (Doc. No. 264.) In April 2023, Mathis filed a second motion to vacate the judgment. (Doc. No. 267.) The Court addresses each motion in turn below.

## DISCUSSION

"Section 2255 offers [federal prisoners] remedies in several circumstances, including cases shown to contain jurisdictional errors, constitutional errors, and errors of law." *Odie v. United States*, 42 F.4th 940, 944 (8th Cir. 2022) (internal quotations and citation omitted). A one-year statute of limitations applies to § 2255 motions. 28 U.S.C. § 2255(f). The limitation period runs from the latest of the following:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

In this case, the judgment of conviction was entered on August 1, 2019. (Doc. No. 203.) Mathis filed his § 2255 motion over three years later, on October 24, 2022. (Doc. No. 257.) Mathis does not argue that new facts have been discovered or a new

right has been recognized by the Supreme Court.[1] Nor does Mathis assert that some impediment created by government action has been removed. Thus, the limitation period ran from his judgment of conviction—August 1, 2019. This motion exceeds the one-year deadline by over two years and is thus time-barred.

In Mathis's motion for leave to supplement or amend, Mathis asks the Court to equitably toll the limitation period. (Doc. No. 264 at 3.) "Equitable tolling is an exceedingly narrow window of relief." *Odie*, 42 F.4th at 946 (internal quotation and citation omitted). The Court may equitably toll the statute of limitation if the movant shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Muhammad v. United States*, 735 F.3d 812, 815 (8th Cir. 2013) (internal quotations and citation omitted).

The Court concludes that equitable tolling is not appropriate here. Mathis argues that on or around August 23, 2019, he was transferred to the USP Florence penitentiary and "was separated from his legal materials." (Doc. No. 264 at 3.) For safety reasons, Mathis asserts, the prison would not allow Mathis to obtain his legal documents. The Court is not persuaded by this argument. Mathis could have notified the Court of this issue before the one-year deadline elapsed. Instead, Mathis waited over two years after the deadline to bring this issue to the Court's attention. And Mathis has not explained why he failed to notify the Court earlier.

---

[1] To the extent that Mathis argues in his second motion to vacate that he is "just becoming aware" of fraud, which he alleges resulted in "trespass on the case," these assertions are merely conclusory. (Doc. No. 267 at 5, 12.) Mathis has provided no facts that would support these claims.

3

Because the one-year filing deadline has elapsed and equitable tolling is not appropriate, the Court denies Mathis's motion to vacate the judgment. For the same reasons, the Court denies Mathis's motion for leave to supplement or amend and his second motion to vacate the judgment.

Additionally, there is no reason for the Court to further explore any credibility issues with respect to Mathis's claims. A § 2255 motion can be dismissed without a hearing if: (1) the defendant's allegations, if accepted as true, would not entitle him to relief; or (2) the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions, rather than statements of fact. *Delgado v. United States*, 162 F.3d 981, 983 (8th Cir. 1998). Because Mathis's motion is time-barred, there is no reason for the Court to further explore any credibility issues with respect to Mathis's claims.

## CERTIFICATE OF APPEALABILITY

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1). A court cannot grant a COA unless the applicant has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Court has considered whether issuance of a COA is appropriate and concludes that no reasonable jurist would find it debatable that this § 2255 motion is time-barred. *Flieger v. Delo*, 16 F.3d 878, 882-83 (8th Cir. 1994) (citation omitted); *see also Nard v. United States*, No. 13-cr-40022, 2018 WL 2234529, at *3 (W.D. Ark. May 16, 2018) (declining to issue a certificate of appealability because the motion was time-barred). Moreover, Mathis has

not made a substantial showing of the denial of a constitutional right. Thus, the Court will not issue a certificate of appealability.

## CONCLUSION

For the reasons set forth above, the Court denies Mathis's motions to vacate the judgment and for leave to supplement or amend.

## ORDER

Based upon the record before the Court, and the Court being otherwise duly advised in the premises, **IT IS HEREBY ORDERED** that:

1. Petitioner-Defendant Mathis's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [257]) is respectfully **DENIED**.

2. Petitioner-Defendant Mathis's *pro se* motion for leave to supplement and amend (Doc. No. [264]) is respectfully **DENIED**.

3. Petitioner-Defendant Mathis's *pro se* motion to vacate under 28 U.S.C. § 2255 (Doc. No. [267]) is respectfully **DENIED**.

4. Respondent-Plaintiff's motion to dismiss Defendant's § 2255 motion is **GRANTED**.

5. No evidentiary hearing is required in this matter.

6. No Certificate of Appealability will be issued to Petitioner-Defendant Andre Mathis, Jr.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 24, 2023         s/Donovan W. Frank
                              DONOVAN W. FRANK
                              United States District Judge